# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Clyde Barton
County Auditor
Winkler County
Kermit, Texas

Dear Sir:

Opinion No. 0-3417
Re: From what fund could the
county legally pay for a
fire truck and/or equip-
ment as provided for in
H. B. No. 230, Acts 1941,
47th Leg., and related
questions.

Your recent request for an opinion of this depart-
ment on the questions stated herein has been received.

We quote from your letter as follows:

"The Legislature of the State has recently
passed a bill known as House Bill #230, which
provides for the purchase of a fire truck or
trucks in various counties, set out by popula-
tion brackets.

"Will you please advise from what fund the
county could legally pay for such a fire truck
and/or equipment and if they might issue war-
rants for the same?

"Does the County Judge have the authority
upon presentation of a petition to call an elec-
tion for the voting of bonds and levying a tax
therefor to purchase said fire trucks and/or
equipment?"

Article 2351a, Vernon's Annotated Civil Statutes,
(Acts 1941, 47th Legislature, House Bill No. 230) provides:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Clyde Barton, Page 2

"The Commissioners Court in counties
having a population of more than three hundred
thousand (300,000) and less than three hundred
and fifty thousand (350,000) inhabitants in
accordance with the last preceding Federal
Census, and in counties having a population
of more than forty-eight thousand, five hun-
dred (48,500) and less than forty-nine thousand
(49,000) inhabitants, and in counties having a
population of not less than twenty-two thousand
and eighty-nine (22,089) nor more than twenty-
two thousand, one hundred (22,100) inhabitants,
and in counties having a population of more
than six thousand, one hundred (6,100) and less
than six thousand, one hundred and eighty
(6,180) inhabitants in accordance with the last
preceding Federal Census, shall have the au-
thority to purchase fire trucks and other fire-
fighting equipment by first advertising and
receiving bids thereon as provided by law, to
be used for the protection and preservation
of bridges, county shops, county warehouses,
and other property located without the limits
of any incorporated city or town."

Winkler County has a population of six thousand, one
hundred and forty-one (6,141) inhabitants according to the 1940
Federal Census. Therefore, Winkler County comes within the last
population bracket mentioned in the above quoted statute.

Section 56 of Article 3 of the State Constitution pro-
vides in part:

"The Legislature shall not, except as
otherwise provided in this Constitution, pass
any local or special law, authorizing:

"Regulating the affairs of counties, cities,
towns, wards or school districts; * * *."

This department has heretofore construed many statutes
involving certain population brackets similar to the one consider-
ed here, most of these, were statutes attempting to regulate the
affairs of the various counties coming within a certain designated
population bracket and were held to be special or local laws regu-
lating the affairs of the various counties and, therefore, uncon-
stitutional and void.

Honorable Clyde Barton, Page 3

In view of the holding of the Supreme Court in the case of Miller v. El Paso County (not yet reported), and the authorities cited therein, it is our opinion that the above mentioned statute, as it applies to Winkler County is a local or special law attempting to regulate the affairs of the county and is unconstitutional and therefore void.

Therefore, the questions presented in your inquiry become moot.

Trusting that the foregoing fully answers your inquiry, we are

APPROVED MAY 7, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ardell Williams
Assistant

AW:RS



